In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00069-CR**
**NO. 09-17-00070-CR**

_____

**LUIS GAMA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 12-14065, 12-14137**

## MEMORANDUM OPINION

Luis Gama appeals from the judgments rendered by the Criminal District Court in trial court cause numbers 12-14065 (delivery of a controlled substance), and 12-14137 (possession of a controlled substance), both first-degree felonies. *See* Tex. Health & Safety Code Ann. §§ 481.112(d), 481.115(f) (West 2017). Both of Gama's convictions are based on Gama's plea agreements with the State. After Gama appealed the convictions, the attorney the trial court appointed to represent him in his appeals filed *Anders* briefs, which contend that no arguable grounds exist

1

to support a decision reversing Gama's convictions. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

The records in the trial court that are relevant to Gama's convictions show that in 2012, in each of Gama's cases, Gama entered guilty pleas to the allegations in his indictments pursuant to his plea agreements with the State. In the hearing in which Gama pleaded guilty, the court deferred finding Gama guilty, and then placed Gama on community service for ten years. Approximately five years later, the State filed motions in both of Gama's cases asking the trial court to revoke its decisions placing Gama on community supervision. The State's motions to revoke allege that Gama violated one of the conditions imposed on him by the trial court in its community supervision order.

In February 2017, the trial court conducted a hearing in which it considered both of the State's motions. Gama pled "true" to the allegations in the State's motions to revoke, both of which alleged that Gama had violated one of the terms of his supervision orders. The trial court revoked its orders placing Gama on community supervision, found Gama guilty of delivery of a controlled substance and possession of a controlled substance, sentenced Gama to serve ten-year sentences in each case, and ordered that Gama serve his sentences concurrently.

The briefs that were filed by the attorney appointed to represent Gama in his appeals present counsel's professional evaluation of the records that are relevant to

Gama's convictions. In both briefs, Gama's counsel concludes that no error occurred in the proceedings in the lower court. After receiving the *Anders* briefs filed in Gama's appeals, we allowed Gama to have additional time to review the record to file a pro se brief. Gama did not do so.

After reviewing the records on appeal, we agree with the conclusion of Gama's attorney that no arguable error can be advanced on his behalf to support his appeals. We also conclude that no necessity exists requiring the appointment of new counsel to re-brief Gama's appeals. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring the court of appeals to appoint other counsel only if it determines that there were arguable grounds for the appeal). Based on the records before us in the appeals, we conclude that Gama's appeals are frivolous. *See Anders*, 386 U.S. at 743. Accordingly, we affirm the trial court's judgments.[1]

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on January 2, 2018
Opinion Delivered January 10, 2018
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

---

[1] Gama may challenge our decision in these cases by filing a petition for discretionary review. *See* Tex. R. App. P. 68.